In the Matter of the Liquidation of NEW YORK TITLE & MORTGAGE COMPANY. (In Re Series F.)

Supreme Court, Additional Special Term, New York County, July 6, 1936; March 10, 1937; May 11, 1937.

*Wagner, Quillinan & Rifkind* [*Simon H. Rifkind* and *Sidney R. Nussenfeld* of counsel), for the trustees of Mortgage Series F.

*William A. Shea* [*Harry Rodwin, Jess H. Rosenberg* and *Irving H. Jurow* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator of the New York Title & Mortgage Company.

FRANKENTHALER, J. The uncertificated portion of the mortgage investments claimed by the title company is subordinate to the portion represented by outstanding certificates. (See *Matter of*

*New York Title & Mortgage Co. [Series FW-1]*, 155 Misc. 651; 157 id. 271; affd., 248 App. Div. 715; affd., 272 N. Y. 556; *Matter of Lawyers Mortgage Co. [545 West End Ave.]*, 157 Misc. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of New York Title & Mortgage Co. [Series N-9]* Additional Special Term, 163 Misc. 196.) The certificates held by the title company are, however, entitled to share equally with those held by others. (*Matter of Lawyers Mortgage Co. [Simon Borg & Co.]*, 151 Misc. 744; affd., 242 App. Div. 617; leave to appeal denied, 265 N. Y. 508.) Issues of fact are presented as to whether the title company was the owner of certificates bearing numbers 6861 and 6236, and an official referee will accordingly be designated to take proof and report with his opinion on these issues. The trustees are not entitled to employ the claims of the other certificate holders against the title company as a setoff against the latter's claim on the certificates held by it. Had no trustees been appointed, the claims of the other certificate holders against the title company could not have been used as a setoff to the title company's certificated interest in the bonds and mortgages. The appointment of the trustees pursuant to the plan of reorganization adopted under the Schackno Act cannot confer upon the other certificate holders greater rights against the title company than they previously possessed. Until the coming in of the report of the official referee no distribution is to be made to certificate holders in respect to certificates 6236 and 6861. The motion is granted to the extent indicated. Settle order.

ON REARGUMENT.

This motion for reargument is addressed to only two phases of the court's previous determination. On the original motion the court held that certificates owned by the title company are entitled to share equally with those held by others, but in view of the existence of a dispute as to whether the title company was the owner of certificates Nos. 6861 and 6236, an official referee was designated to take proof and report with his opinion as to the ownership of said two certificates. The movant now contends that the question of the title company's ownership should be sent to the official referee in the case of all the certificates claimed by the title company and not merely as to the two certificates previously referred to. The other claim made by the moving party is that the trustees should be permitted to offset the claims of the certificate holders upon the company's guaranties against any sums due to the liquidator of the title company.

The first of these contentions is based upon the proposition that the question whether an obligor becomes the owner of his own

obligation depends upon the intention of the parties. The argument is advanced that certificates acquired by the title company at or after their maturities must be held to have been paid and discharged in view of the company's obligation to pay such certificates. In the court's opinion, however, a study of the certificates and of the depositary agreement to which they were expressly made subject reveals an intention to permit the company to keep alive certificates, even if paid for at or after maturity. *It is important to bear in mind that we are dealing here with what is known as a " group series," the collateral consisting of a number of bonds and mortgages of varying maturities.* The principal amount of the bonds and mortgages constituting the collateral also varied from time to time and did not at any time necessarily equal the amount of the outstanding certificates. The language of the depositary agreement indicates that the title company was to have the right to issue certificates up to the value of the underlying collateral, and it is also clear that there was no intention that payments to certificate holders at or after the maturities of their respective certificates were to extinguish the same and thus leave the certificates which remained outstanding secured by *all* the collateral.

It would serve no useful purpose to summarize all the various provisions of the depositary agreement bearing upon this question. It is sufficient to point out that wherever provision is made in the depositary agreement for payment of a certificate, there is likewise a provision that the certificate holder shall *assign* his certificate to the title company. There is also a provision that *the company may deposit certificates and withdraw an equal amount of collateral,* and another that as certificates of interest are surrendered and canceled from time to time new certificates may be issued by the title company, provided only that the total amount of the certificates shall at no time exceed the total principal sum of the bonds and mortgages constituting the collateral. On the other hand, where cancellation is intended, a method of cancellation is expressly provided for " upon surrender to the Trust Company [the depositary] of outstanding certificates of interest issued hereunder for cancellation the Trust Company shall cancel them."

The court is of the opinion that the depositary agreement intended and contemplated that certificates acquired by the title company, whether before or after they became due, were to have equa rights in the collateral securing the certificates and were not to be regarded as extinguished or canceled unless surrendered by the title company to the depositary for cancellation, in the absence of other evidence of an intention to cancel them. Cases holding that the acquisition by an obligor of his own obligation constitutes payment and dis-

charges the obligation do not apply where the parties expressly agree, as here, that the obligor may acquire ownership of the obligation and may share equally in the collateral securing that obligation and others of a similar nature.

In view, however, of the fact that the $60,000 certificate claimed to have been assigned to the title company on February 27, 1933, was not registered on its books until October 27, 1933, after rehabilitation, further inquiry as to the genuineness of the company's claim of. ownership of this certificate is warranted, and the official referee is, therefore, directed to take proof and report with his opinion as to said certificate in addition to the two others referred to in the court's original opinion.

The claim that the trustees are entitled to offset against sums due to the liquidator the amounts due to certificate holders by virtue of their claims upon the company's guaranties appears to be untenable in view of the recent decision of the Appellate Division in *Mittlemann* v. *President & Directors of Manhattan Co.* (248 App. Div. 79; affd., without opinion, 272 N. Y. 632). In that case Mr. Justice McAvoy, writing for the Appellate Division, declared (p. 81): " From the provisions of the Shackno Act, it is apparent that it had only one purpose, to meet the situation theretofore existing, to wit, that the underlying bonds and mortgages could not be administered or dealt with, in any way, without the unanimous consent of the holders of certificates of each issue. To this end, the Shackno Act provides for the promulgation of an agreement for reorganization of mortgage investments upon the consent of two-thirds of the holders of the certificates of any issue, so that the trustees appointed thereby may thereafter represent one hundred per cent of the holders of the certificates of the issue in the administration of the bonds and mortgages underlying such certificate issue." The court accordingly held that the causes of action against the defendant for the violation of duties owed by it as depositary to the certificate holders did not pass to the trustees appointed under the plan of reorganization. Although the claims against the depositary involved in the case cited were stated to sound " in tort," the reasoning of the court in the language previously quoted indicates that it was its view that no claims of any character, whether tort or otherwise, passed to trustees appointed in a Shackno Act reorganization except those which, but for the enactment of the Shackno Act, would have required the united action of all the certificate holders. Since the decision above referred to, a similar holding has been made where the causes of action asserted against the depositary sounded in contract and not in tort. (*Rabinowitz* v. *President & Directors of Manhattan. Co.*, 250 App. Div. 742; *Weil* v.

*President & Directors of Manhattan Co.,* Id. 742.) The argument is made herein that the *Mittlemann* decision was based upon the fact that the reorganization indenture provided for the transfer to the trustees of only class claims and, therefore, did not transfer claims against the depositary which it was held were not class claims, whereas here the causes of action upon the guaranties are specifically mentioned in the indenture as passing to the trustees. This argument loses sight of the fact that the opinion of Mr. Justice McAvoy indicates that even if the indenture expressly provided for the transfer of " individual claims or choses in action," such a provision would be invalid (p. 81): " The Shackno Act nowhere in its terms authorizes the insertion in the reorganization indenture of any provision which would transfer the alleged causes of action to the plaintiffs' trustees and any such provision would, therefore, be without effect as not contained in the legislative emergency mandate." It follows from these decisions that the claims of certificate holders upon the company's guaranties did not pass to the trustees but remained with the certificate holders. Each certificate represents a separate contract of guaranty, complete within itself, and no united action by certificate holders was ever necessary in order to enforce the guaranties contained in the certificates. Each certificate holder had and still has the right to enforce or omit to enforce the guaranty contained in his certificate without regard to the certificates held by others. Following the principles laid down in the *Mittlemann* opinion, there was no emergency in regard to the enforcement of the company's guaranties by certificate holders which required the enactment of the Shackno Act permitting two-thirds of the certificate holders, in principal amount, to control the rights and actions of all. It must, therefore, be held that the rights of certificate holders to enforce the company's guaranties were " individual claims or choses in action," and did not pass to the Shackno trustees. Indeed, there would appear to be more justification for holding that the causes of action asserted in the *Mittlemann* case and in the *Rabinowitz* and *Weil Cases (supra)* passed to the trustees than there is for such a determination in regard to the causes of action upon the guaranties embodied in the separate certificates. In each of said cases, the depositary was charged with having caused the withdrawal of good bonds and mortgages from the collateral securing the certificates and the substitution of inferior bonds and mortgages in their place. In such a situation it would seem that united action by certificate holders, if not absolutely necessary, was more desirable and proper than in the case of the enforcement of separate and individual contracts of guaranty contained in the separate certificates. In view of the

holdings above referred to, that the causes of action against the depositary did not pass to the trustees, the court sees no escape from the conclusion that claims upon the guaranties likewise remained with the certificate holders and did not vest in the trustees. It follows that the trustees may not use the certificate holders' claims upon the guaranties as offsets.

The motion for reargument is granted, but upon such reargument the original decision is adhered to, except that the issue of fact presented with regard to the $60,000 certificate is added to those remitted to the official referee under the court's previous order. Settle order.

### On Further Reargument.

Upon the foregoing papers this motion is granted to the following extent: (1) The liquidator is directed to pay over to petitioners the sum of $8,518.26; (2) the reference is extended as prayed for in the moving affidavit; (3) the petitioners are held to have a right of setoff in accordance with the recent decision of this court in *Matter of New York Title & Mortgage Co., Series B-1* (163 Misc. 42). Settle order.