In the Matter of the Liquidation of NEW YORK TITLE & MORTGAGE COMPANY (Series B-1.)

Supreme Court, Additional Special Term, New York County, April 1, 1937.

*Alexander Rubin,* for the trustees (Series B-1), for the motion.

*William A. Shea* [*Irving H. Jurow* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator of the New York Title & Mortgage Company, opposed.

FRANKENTHALER, J.   In paragraph (1) of the notice of motion a modification of the order of liquidation of the New York Title & Mortgage Company is sought for the purpose of permitting application to be made for the relief asked for on the present motion The order of liquidation will be modified to this extent. In so far, however, as a broader modification of the order is applied for, so as to permit the bringing of actions and proceedings of an indefinite nature, the motion is denied, but without prejudice to a renewal as to any specific actions or proceedings which the trustees desire or plan to commence.

In paragraph (2) of the notice of motion an adjudication is sought that the *uncertificated* interest of the Superintendent of Insurance,

as liquidator of the title company, in and to the underlying collateral is subordinate to that of certificate holders. This relief is proper and is accordingly granted. (*Matter of Lawyers Mortgage Co. [545 West End Ave.]*, 157 Misc. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of New York Title & Mortgage Co. [Series FW-1]*, 155 Misc. 651; affd., 248 App. Div. 715; affd., 272 N. Y. 556; *Matter. of New York Title & Mortgage Co. [Series F]*, 163 Misc. 37; reargument, Id. 38.)

In paragraph (3) of the notice of motion an adjudication is sought that certificates owned and held by the Mortgage Commission or by the liquidator, or by any nominee or subsidiary of the title company, are subordinate to certificates owned and held by others. This relief is denied. (*Matter of New York Title & Mortgage Co. [Series F], supra; Matter of Lawyers Mortgage Co. [Simon Borg & Co.]*, 151 Misc. 744; affd., 242 App. Div. 617; leave to appeal denied, 265 N. Y. 508.)

In paragraph (4) of the notice of motion a direction is sought that the liquidator and/or Servicing Corporation of New York turn over to the moving trustees all sums received by them and/or by the title company subsequent to March 15, 1933, on account of the *uncertificated* interest of the liquidator or the title company in and to the underlying collateral. This relief is granted, for, as previously stated, the *uncertificated* interest is subordinate to that which is represented by outstanding certificates.

In the same paragraph of the notice of motion a direction is also sought that the Mortgage Commission of the State of New York turn over to the moving trustees any sums in its possession, including such sums as represent payments made on outstanding certificates owned and held by the liquidator and/or by any nominee or subsidiary of the title company. This relief is granted except as to the sums representing payments on certificates held by the liquidator. and/or by any nominee of the title company. Since said certificates, as previously observed, share equally with certificates held by others, the petitioners are not entitled to receive from the Mortgage Commission those sums which represent payments made on the certificates held by the liquidator and/or by any nominee of the title company.

In paragraph (5) of the notice of motion an adjudication is sought that the trustees may set off, against claims possessed by the liquidator or by any nominee or subsidiary of the title company against the trustees, claims which the trustees possess against the liquidator or any nominee or subsidiary of the title company. In the moving papers themselves the trustees refer to specific claims in their favor which they seek to use as offsets against various specific claims

which may be asserted against them. In view of the generality of the prayer for relief contained in paragraph (5) of the notice of motion, the court's decision on the question of setoff will be confined to the specific claims referred to in the moving papers.

The first class of claims which the trustees seek to use as an offset against moneys due from them are claims upon the guaranties by the title company " of the payment of principal and interest of the participation certificates herein." In an opinion handed down by this court very recently (*New York Title & Mortgage Co.* [*Series F*], *supra*) a similar claim of offset asserted by the trustees of Series F was overruled on the ground that the rights of the certificate holders on the company's guaranties of principal and interest were individual and not class claims and, therefore, under the authority of *Mittlemann* v. *President & Directors of Manhattan Co.* (248 App. Div. 79; affd., without opinion, 272 N. Y. 632); *Rabinowitz* v. *President & Directors of Manhattan Co.* (250 App. Div. 742) and *Weil* v. *President & Directors of Manhattan Co.* (Id. 742), did not pass to the trustees appointed in the Schackno Act reorganization but belonged to the certificate holders themselves. Since this decision, counsel for the moving trustees on the present motion has submitted an affidavit and memorandum in which he concedes the correctness of the court's ruling as to claims upon the guaranties of the certificates but submits new facts which he urges give rise to a class claim in favor of the trustees upon *other* guaranties made by the title company. He points out that in addition to its guaranties of payment *of the certificates* themselves, which are individual and not class claims, the title company guaranteed " the payment *of the principal and interest of the deposited bonds and mortgages* to an extent sufficient to pay the principal amount of the certificates issued hereunder together with interest as it accrues " (italics the court's), and that each deposited bond and mortgage at the time of its delivery to the depositary was accompanied by an instrument which guaranteed *to the depositary* as well as to the holders of the certificates the payment of the principal and interest of the deposited bond and mortgage. These guaranties, that the bonds and mortgages constituting the underlying collateral for the certificates would be paid, do not give rise to individual claims on the part of the various certificate holders as do the claims upon the company's guaranties of the payment of the principal and interest of the outstanding certificates themselves. The claims upon the guaranties relating to the collateral are in the nature of class claims. Certificate holders prior to the designation of the trustees could have brought a representative action to enforce such guaranties and compel the maintenance of the collateral at a sum sufficient

to meet the principal and interest of the outstanding certificates. It follows that although the certificate holders' claims upon the guaranties of their *certificates* are individual claims which did not pass to the trustees, their claims upon the guaranties of the underlying *collateral* are class claims which did pass to the trustees appointed under the Schackno Act (Laws of 1933, chap. 745, as amd.). Accordingly the court holds that the claims upon the guaranties of the collateral may be used by the trustees as an offset against any sums due from the trustees to the liquidator of the title company or his nominees.

The trustees seek also to use as an offset claims in their favor existing against the liquidator to compel the latter to pay over the amounts withheld by the Federal receivers of Liberdar Holding Corporation and Land Estates, Inc., less a proper allowance to the liquidator as a servicing fee, in accordance with the principles announced by this court in *Matter of New York Title & Mortgage Co. (Series B-1, B-8, BX-19, N-30, N-54, N-74)* (157 Misc. 476; *Matter of New York Title & Mortgage Co. (Series B K)* (163 id. 199). This claim is a class claim which relates to the administration of the underlying bonds and mortgages and, therefore, passed to the trustees under the Schackno Act. The trustees may use this claim as an offset against moneys due from them to the liquidator or his nominees.

The trustees also seek to use as an offset claims possessed by them against the liquidator for wrongful recoupments by the title company out of the rents of mortgaged properties while there were tax arrears. These recoupment claims are also class claims which relate to the administration of the underlying collateral and, therefore, passed to the Schackno Act trustees. The claims may be used as an offset against moneys due the liquidator or his nominees.

In addition to the foregoing the trustees seek an adjudication that they may use the various classes of claims previously mentioned as offsets against sums due the Nyamco Associates, Inc., a subsidiary of the title company, by virtue of the latter's ownership of junior participating interests in various bonds and mortgages constituting the underlying collateral for Series B-1. Although Nyamco Associates, Inc., is a wholly owned subsidiary of the title company it does not follow that the trustees may offset, against moneys due from them to Nyamco, claims which the trustees possess against the New York Title & Mortgage Company. The companies are separate and distinct and each has its own set of creditors. Although the veil of the corporate entity may be

pierced under certain circumstances, for example if it is used to defraud, no facts are set forth which would justify disregard of the corporate entity in the present situation. Debtors of Nyamco may not pay their debts by offsetting claims possessed by them against its parent. The case of *Prudential Ins. Co.* v. *Liberdar Holding Corp.* (72 F. [2d] 395) is distinguishable, for there the court found that the parent had been guilty of a breach of trust, and that the subsidiary had acted as a creature or agent of the parent and was, therefore (p. 398), " charged with the same fiduciary relation." Here the rights of the subsidiary are based upon express contracts and no wrongdoing or participation in a breach of trust is claimed. The court accordingly holds that the trustees may not use their claims against the liquidator as offsets against moneys due from them to Nyamco.

In paragraph (6) of the notice of motion the trustees seek permission to apply moneys due or to become due from them to the liquidator or any nominee or subsidiary of the title company to the satisfaction of all claims in favor of the trustees and to retain said funds in a segregated account pending final determination of the claims in favor of the trustees. The relief sought in this paragraph will be granted to the extent of permitting the trustees to apply moneys due or to become due from them to the title company or its nominees to the satisfaction of the claims in favor of the trustees previously referred to. The trustees shall retain the funds in a segregated account pending final determination of said claims. This disposition is without prejudice to further applications involving other claims in favor of the trustees.

The motion is granted to the extent indicated. Settle order.