In the Matter of NEW YORK TITLE AND MORTGAGE COMPANY in Liquidation (Series B-1).

Supreme Court, Additional Special Term, New York County, May 24, 1937.

Weisman, Cellar, Quinn, Allan & Spett [Milton C. Weisman and Arthur Sheinberg of counsel], for the petitioners.

William A. Shea [Irving H. Jurow of counsel], for the Superintendent of Insurance, as liquidator of the New York Title and Mortgage Company, opposed.

FRANKENTHALER, J.   Under the circumstances disclosed in the petition, to treat the title company and its subsidiary as separate entities would work a fraud upon the certificate holders.   A proper case for piercing the corporate entity is presented.   (See Prudential Ins. Co. v. Liberdar Holding Corp., 72 F. [2d] 395, 398.)   The petition alleges without contradiction that the agreement between the title company and its subsidiary was made on or about September 20, 1932, " in contemplation of the deposit by the Title Company " of the senior interest in the bond and mortgage as collateral for the payment of Series B-1 certificates, and that the senior interest was deposited by the title company as such collateral on or about September 21, 1932.   The separation of the mortgage into senior and junior interests and the deposit of the senior interest as collateral for Series B-1, if not parts of a single transaction, are so closely related that the subsidiary, possessing its parent's knowledge of what was intended and proposed, may not escape by asserting its separate entity.

The claim that Nyamco did not receive the amortization payments on two of the properties in cash in immaterial.   If Nyamco received the money by charging off, pro tanto, debts due from it to others, the result is the same as if it had received the cash.   The contention that the trustees have no standing to maintain the present proceeding is without merit (Matter of New York Title & Mortgage Co. [Series B-1], 163 Misc. 42), as are the other objections interposed by the respondents.

The motion is granted.   Settle order.