■ In the Matter of GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORPORATION, Respondent, v BAHMAN HAKAK-IAN, Appellant, et al., Respondent. [776 NYS2d 576]—

In a turnover proceeding pursuant to CPLR 5225, Bahman Hakakian appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered December 5, 2002, which, upon a decision of the same court dated October 7, 2002, made after a hearing, finding that a certain promissory note he executed on November 19, 1998, in favor of Bahram Hakakian is payable to the petitioner in full pursuant to its terms, granted the petition to the extent of, inter alia, awarding the petitioner the full amount of the note payable in certain specified installments.

Ordered that the judgment is affirmed, with costs.

On November 19, 1998, the appellant executed a promissory note in the amount of $195,000 in favor of Bahram Hakakian, his brother, as partial consideration for the purchase by the appellant of a residential property owned by Bahram.

On September 6, 2000, the petitioner obtained a judgment against Bahram for $694,510, which thereafter remained unsatisfied. At the time the judgment was docketed, Bahram held the unpaid Note. Sometime in October 2000, the appellant, allegedly intending to repay the Note, caused his wholly-owned company, Pascal Delor, Ltd., to transfer sums totaling approximately $55,500 to Bahram's wholly-owned company, Barami Enterprises, Inc., and to forgive approximately $164,000 of trade debt that Barami owed

to Pascal. At the time, Barami was a debtor in reorganization proceedings commenced under chapter 11 of the United States Bankruptcy Code (11 USC § 101 *et seq.*). There was no contemporaneous writing evidencing any of the above transactions, which were not reflected in Barami's corporate records. Although Bahram admitted that no payments were made directly to him as a result of the foregoing corporate transactions or on account of the Note, he purportedly considered the Note to have been repaid in full and destroyed it.

The petitioner commenced this proceeding in August 2001, seeking a judgment requiring the appellant to repay the Note directly to the petitioner. In his answer, the appellant claimed that the Note had already been repaid in full as a result of the corporate transactions. After a nonjury trial, the Supreme Court entered judgment in favor of the petitioner and against the appellant for the full amount of the Note.

Contrary to the appellant's contentions, Pascal's alleged payment of approximately $55,500 to Barami cannot be considered a payment made directly to Bahram, Barami's sole shareholder, since Bahram never received any part of that payment. Moreover, the record is barren of any evidence establishing, inter alia, that Bahram exercised "complete domination" over Barami regarding the alleged corporate transactions (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). To the contrary, Barami's assets at the time were vested in an estate subject to the jurisdiction and administration of the United States Bankruptcy Court (*see* 11 USC § 541). Accordingly, the transfer of approximately $55,500 from Pascal to Barami cannot be treated as a partial repayment of the Note (*see* 82 NY Jur 2d, Parties § 32; *cf. Transamerica Gen. Corp. v Zunino,* 82 NYS2d 595, 599 [1948]).

Moreover, the Supreme Court correctly determined that the purported setoff of approximately $164,000 in trade debt that Barami owed to Pascal against the personal debt the appellant owed to Bahram fails for lack of mutuality. In order to satisfy the requirement of mutuality, debts "must be due to and from the same persons in the same capacity" (*Beecher v Vogt Mfg. Co.,* 227 NY 468, 473 [1920]). Here, the debts were due to and from different persons acting in different capacities; hence, mutuality was lacking (*see Beecher v Vogt Mfg. Co., supra* at 473; *Kamer v ITT Life Ins. Co. of N.Y.,* 33 AD2d 682 [1969]; *Matter of New York Tit. & Mtge. Co.,* 163 Misc 42, 46-47 [1937]).

The appellant's remaining contentions are without merit. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.